**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>   Plaintiff,<br><br>v.<br><br>Ernesto Trujillo, et al.,<br><br>   Defendants. | No. CV-18-03239-PHX-MTL (CDB)<br><br>**ORDER** |

  Before the Court are Plaintiff's appeals (Docs. 88, 166, 177, 181) from the Magistrate Judge's December 30, 2019 Order (Doc. 85), October 7, 2020 Order (Doc. 152), November 3, 2020 Order (Doc. 161), November 30, 2020 Order (Doc. 172), and January 4, 2021 Order (Doc. 180). The Court now rules.

I.

  Plaintiff is *pro se* in this prisoner civil rights case. On June 26, 2019, the Court ordered Defendants Trujillo, Ryan, Days, and Bowers to answer Counts I and II of Plaintiff's First Amended Complaint and dismissed all other claims and Defendants without prejudice. (Doc. 26.) The Court subsequently issued a Scheduling Order, requiring motions to join parties to be filed by December 16, 2019, all motions regarding discovery to be filed by March 13, 2020, and dispositive motions to be filed by May 13, 2020. (Doc. 43 at 1–3.)

  On December 10, 2019, Plaintiff requested that the deadline to join parties be extended "14 days following the disposition of [Plaintiff's Motion for Class Certification]."

(Doc. 76 at 1.) On December 30, 2019, the Magistrate Judge denied that request. (Doc. 85.) Plaintiff objected to the order on January 2, 2020. (Doc. 88.) He filed a supplement to his objection on January 7, 2020. (Doc. 93.)

Plaintiff also served multiple requests for written discovery on Defendants. (Docs. 60, 97, 98.) Given the restrictions imposed to limit the spread of the coronavirus, Defendants requested additional time to respond to Plaintiff's discovery requests on March 19, 2020, April 13, 2020, and May 26, 2020. (Docs. 116, 118, 129.) The Court granted Defendants' requests and ultimately extended Defendants' deadline to their serve responses to Plaintiff's discovery requests to June 28, 2020. (Docs. 119, 130.)

On September 18, 2020, Plaintiff filed a motion requesting a 45-day extension of the dispositive motions deadline and additional time to file discovery related motions. (Doc. 148.) The Magistrate Judge denied the motion on October 7, 2020. (Doc. 152.) That order emphasized that discovery was completed on June 28, 2020. (*Id.*) The Magistrate Judge further noted that the dispositive motions deadline had recently been extended to November 2, 2020, and, in a previous order, warned the parties that "no further extension of the time allowed to file dispositive motions [would] be granted." (*Id.*; Doc. 146.)

On October 28, 2020, Plaintiff filed a Motion to Compel Disclosure and Discovery Responses. (Doc. 155.) That motion is nearly impossible to read due to Plaintiff's small handwriting, the faded quality of the motion, and Plaintiff's choice to write on single-spaced lines. (*Id.*) From what this Court can decipher, the motion requests an order compelling discovery from certain Defendants. (*Id.* at 3, 6, 7.) On November 3, 2020, the Magistrate Judge denied the motion to compel, noting that Plaintiff's requests related "to answers to interrogatories served in May and late June of 2020" and "[t]he deadline for filing motions regarding the adequacy of [those] answers to requests for discovery has long passed." (Doc. 161.) Plaintiff objected to the order on November 12, 2020. (Doc. 166.)

On the same day, Plaintiff filed a "Notice of 'Misplaced' Documents." (Doc. 168.) Attached as Exhibit A to that notice is "Plaintiff's Objections to the Magistrate's Order [at Doc. 152]." (Doc. 168, Ex. A.) Exhibit A is dated as signed on October 26, 2020. (*Id.*) The

notice indicates that Plaintiff initially mailed the objection on October 26, 2020 and requests that the objection be considered by the Court. (*Id.* at 1–2.) On November 23, 2020, Plaintiff again requested that the Court consider Exhibit A as a timely objection to the Magistrate Judge's October 7, 2020 Order. (Doc. 177.) On November 30, 2020, the Magistrate Judge issued an order asking, among other things, this Court "to construe Exhibit A to the pleading at ECF No. 168 as Plaintiff's appeal to Judge Liburdi of the Order at ECF No. 152." (Doc. 172.) On December 11, 2020, Plaintiff requested "clarification" of the record and reiterated his request that Exhibit A "be accepted and filed as a separate document." (Doc. 175.) The Magistrate Judge denied the request on January 4, 2021. (Doc. 180.) Plaintiff objected to the Magistrate Judge's November 30, 2020 Order and January 4, 2021 Order on January 21, 2021. (Doc. 181.)

## II.

When a party objects to the ruling of a Magistrate Judge in a non-dispositive matter, the district judge must consider the party's "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" if the Court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). An objection to a Magistrate Judge's ruling must be made within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a).

## III.

The Court will first address Plaintiff's objection (Doc. 88) to the Magistrate Judge's December 30, 2019 Order (Doc. 85). In that order, the Magistrate Judge denied Plaintiff's motion (Doc. 76) seeking to extend the deadline to join additional parties. (Doc. 85.) Plaintiff filed a timely objection, alleging that the order constitutes an abuse of discretion. (Doc. 88 at 1.) Specifically, Plaintiff argues good cause existed to grant his request and that

his request "was not made in bad faith," "had no adverse effects towards any interested parties," and was unopposed, reasonable, and practical. (*Id.* at 1–2.)

Courts have broad discretion to grant or deny requests for extensions of time. *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004); *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (stating courts are "given broad discretion in supervising the pre-trial phase of litigation"). The Court's Scheduling Order set the deadline for motions to join parties for December 16, 2019. (Doc. 43 at 1.) A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff's request for extension indicated that his "course of action" in this case "depend[ed]" on the resolution of his motion for class certification. (Doc. 76 at 1.) Specifically, Plaintiff conveyed that he would file a "Rule 20 motion" only if the Court denied the motion for class certification. (*Id.*) Plaintiff did not articulate any reason as to why he could not file such a motion before the Court resolved his motion for class certification. And, although Plaintiff argues in his objection that good cause supported his request for extension, he does not articulate any facts to support that conclusory assertion. *See Johnson*, 975 F.2d at 609 (citations omitted) ("Although the existence or degree of prejudice . . . might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking [an extension]. If that party was not diligent, the inquiry should end."). As the Ninth Circuit has explained, a court's decision "to honor the terms of [a] binding scheduling order does not simply exalt procedural technicalities over the merits of [a plaintiff's] case." *Id.* at 610. "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Id.*

Having reviewed the relevant portions of the record, the Court concludes that no part of the Magistrate Judge's December 30, 2019 Order (Doc. 85) is clearly erroneous or

contrary to law. *See United States v. 4.85 Acres of Land*, 546 F.3d 613, 617 (9th Cir. 2008) (declaring an abuse of discretion exist if the court "makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when [the reviewing court] is left with a definite and firm conviction that the [deciding] court committed a clear error of judgment"). The Court will therefore overrule Plaintiff's objection (Doc. 88).

IV.

The Court will next address Plaintiff's objection (Doc. 166) to the Magistrate Judge's November 3, 2020 Order (Doc. 161). In that order, the Magistrate Judge denied Plaintiff's Motion to Compel Disclosure and Discovery Responses (Doc. 155) because "[t]he deadline for filing motions regarding the adequacy of [Defendants' answers to certain interrogatories] ha[d] long passed." (Doc. 161 at 2.) Plaintiff filed a timely objection, arguing that the Magistrate Judge did not expressly indicate "what deadline has 'long passed,'" he "compli[ed] with the Court's Scheduling Order," and the Magistrate Judge denied the motion "without any sound reasoning or proper consideration of the facts, issues, and circumstances." (Doc. 166 at 1–3.) Preliminarily, the Court notes that Plaintiff's objection is, at best, difficult to read, and in some places completely illegible. *See* LRCiv 3.4. Nonetheless, the Court has considered Plaintiff's objection to the greatest extent practicable.

The Scheduling Order provides that "motions regarding discovery must be filed no later than March 13, 2020." (Doc. 43 at 2.) As noted, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff did not seek an extension of the discovery motion deadline until September 18, 2020, more than six months after the deadline expired. (Doc. 148.) The Court denied the request, noting "[d]iscovery in this matter was completed June 28, 2020." (Doc. 152.) Plaintiff then filed his motion to compel. (Doc. 155.) That motion is virtually illegible, which prevents the Court from assessing much of its substance. Plaintiff's objection asserts that he did not "physically receive" certain "discovery answers/responses" until August and September of 2020. But the objection offers no explanation as to why he did not move the Court to

extend the discovery motions deadline before it expired or at the close of discovery. "[M]agistrate judges are given discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion." *Entsminger v. Aranas*, No. 3:16-CV-00555, 2020 WL 2513673, at *2 (D. Nev. May 15, 2020). After due consideration of the November 3, 2020 Order, the motion to compel, and Plaintiff's objection, the Court concludes that no portion of the November 3, 2020 is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). The Court will therefore overrule Plaintiff's objection (Doc. 166).

V.

The Court now turns to Plaintiff's appeal (Doc. 177; Doc. 168, Ex. A) of the Magistrate Judge's October 7, 2020 Order (Doc. 152). In that order, the Magistrate Judge denied Plaintiff's motion (Doc. 148) seeking additional time to file discovery motions and an extension of the dispositive motions deadline. (Doc. 152.) The Magistrate Judge emphasized that "[d]iscovery in this matter was completed June 28, 2020." (*Id.*) She further noted that the Court had recently extended the dispositive motions deadline to November 2, 2020, and, in a previous order, advised that "[g]iven . . . the length of time this matter has been pending, **no further extension of the time allowed to file dispositive motions will be granted**." (Doc. 146 (emphasis in original); Doc. 152.)

Plaintiff's appeal (Doc. 177) is titled "Plaintiff's Request that Exhibit A at Doc. 168 be Accepted and Filed as a Separate Document Pending for Adjudication." That Exhibit is an objection to the Magistrate Judge's October 7, 2020 Order and is dated as signed by Plaintiff on October 26, 2020. (Doc. 168, Ex. A.) Plaintiff contends that he originally mailed the objection and two other documents to the Court on October 26, 2020. (*Id.* at 1.) Although the other two documents were filed, the objection was not. (*Id.*) In the interest of fairness, the Court will consider the merits of the objection. (*Id.*, Ex. A.) *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy."); Fed. R. Civ. P. 6(d) (adding three additional days when a party is served by mail). Plaintiff's objection is nearly impossible to read. The Court addresses the substance of the objection to the greatest extent practicable. The crux of

Plaintiff's objection is that the Magistrate Judge granted Defendants' requests for extensions but denied his requests. (Doc. 168, Ex. A at 8.)

The Scheduling Order set the deadline for motions regarding discovery. (Doc. 43 at 2.) A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). On September 18, 2020, Plaintiff filed a motion requesting "a reasonable and fair opportunity to engage in discovery." (Doc. 148 at 1.) The Magistrate Judge denied the motion, noting discovery was completed on June 28, 2020. (Doc. 152.) Plaintiff's objection offers no explanation as to why he did not move the Court to extend the discovery motions deadline before it expired or at the close of discovery. The Court finds that the Magistrate Judge did not err when she denied Plaintiff's request to extend the discovery motions deadline—a request made six months after the deadline had expired. *Entsminger*, 2020 WL 2513673 at *2; *see Johnson*, 975 F.2d at 610 (concluding a district court did not abuse its discretion in denying a motion to amend filed four months after the cut-off date for amendment had expired).

The Scheduling Order also set the deadline for dispositive motions. (Doc. 43 at 3.) The Magistrate Judge extended the dispositive motion deadline on three prior occasions (Docs. 126, 144, 146) and warned the parties that no further extensions of the dispositive motions deadline would be granted (Doc. 146). Although the prior requests for extension were made by Defendants, both sides received the benefit of having more time to prepare and file their respective dispositive motions. The Court further notes that Plaintiff's motion (Doc. 148) is dated as signed on September 17, 2020. At that time, the dispositive motions deadline was September 16, 2020. (*See* Doc. 144.) Plaintiff requested a 45-day extension. (Doc. 148.) The Magistrate Judge ultimately extended the dispositive motion deadline by 47 days to November 2, 2020. (Doc. 152.) The Magistrate Judge is afforded "broad discretion in supervising the pre-trial phase of litigation." *Campbell Indus.*, 619 F.2d at 27. The Court finds that the Magistrate Judge did not err in denying Plaintiff's motion (Doc. 148), and thus the Court overrules Plaintiff's objection (Doc. 177; Doc. 168, Ex. A).

VI.

The Court will last address Plaintiff's objection (Doc. 181) to the Magistrate Judge's November 30, 2020 (Doc. 172) and January 4, 2021 Orders (Doc. 180). The November 30, 2020 Order construed Exhibit A to Plaintiff's Notice of Misplaced Document (Doc. 168) as an appeal to this Court of the Magistrate Judge's October 7, 2020 Order (Doc. 152). (Doc. 172.) Unsatisfied, Plaintiff filed a "request for clarification," which stated: "Plaintiff was not requesting that Exhibit A be 'construed' as an appeal of the Magistrate's order— it **is** an appeal of the Magistrate's order." (Doc. 175 at 1 (emphasis in original).) The January 4, 2021 Order summarily denied Plaintiff's request for clarification. (Doc. 180.)

Plaintiff's January 21, 2021 objection (Doc. 181) reiterates Plaintiff's request to "have his Objections to the Magistrate's Orders at 152 filed and docketed with the Court." (Doc. 181 at 2.) Preliminarily, the Court notes that Plaintiff's objection to the Magistrate Judge's November 30, 2020 Order is untimely. *See* Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 6(d). The Court next informs Plaintiff that his objection to the Magistrate Judge's October 7, 2020 Order (Doc. 152) has been filed with this Court since November 11, 2020. (*See* Doc. 168.) Last, this Court has considered and overruled that objection. *See supra* Part V. The Court therefore overrules Plaintiff's objection (Doc. 181) to the Magistrate Judge's November 30, 2020 Order (Doc. 172) and January 4, 2021 Order (Doc. 180).

VII.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Objections (Docs. 88, 166, 177, 181) to the Magistrate Judge's December 30, 2019 Order (Doc. 85), October 7, 2020 Order (Doc. 152), November 3, 2020 Order (Doc. 161), November 30, 2020 Order (Doc. 172), and January 4, 2021 Order (Doc. 180).

Dated this 7th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge