**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

DaJuan Torrell Williams,

Plaintiff,

v.

Ernesto Trujillo, et al.,

Defendants.

No. CV-18-03239-PHX-MTL (CDB)

**ORDER**

Before the Court is Plaintiff DaJuan Williams' appeal (Doc. 216) from the Magistrate Judge's December 17, 2021 Order denying his Motion Requesting Appointment of Counsel and to Reopen Discovery ("Motion Requesting Appointment of Counsel") (Doc. 207) and Motion for Leave to File a First Motion for Summary Judgment as a Matter of Law as to Claims in His FAC ("Motion for Leave to Move for Summary Judgment") (Doc. 208). For the following reasons, Plaintiff's appeal is denied.

## I. BACKGROUND

Plaintiff is proceeding *pro se* in this prisoner civil rights case. On June 26, 2019, the Court ordered Defendants Trujillo, Ryan, Days, and Bowers (collectively, "Defendants") to answer Counts I and II of Plaintiff's First Amended Complaint and dismissed all other claims and Defendants without prejudice. (Doc. 26.) The Court subsequently issued a scheduling order requiring discovery motions to be filed by March 13, 2020 and dispositive motions to be filed by May 13, 2020. (Doc. 43 at 1–3.) The deadline for filing dispositive motions was extended multiple times, ultimately to November 2, 2020. (Doc. 146.)

On the Court's November 2, 2020 deadline, Defendants filed a Motion for Summary Judgment. (Doc. 163.) Both Plaintiff and Defendants filed motions requesting extensions of time to respond and reply. (*See* Docs. 182, 190, 192.) The Court issued an Order in favor of Defendants Bowers and Days on Plaintiff's Fourteenth Amendment claim. (Doc. 199). The rest of Defendants' motion for summary judgment was denied without prejudice to file a second summary judgment motion. (*Id.*) In January 2022, Defendants filed their Motion for Summary Judgment on Count I. (Doc. 219.) Plaintiff filed a response. (Doc. 223.)

In November 2021, Plaintiff filed a Motion Requesting Appointment of Counsel. (Doc. 207.) The next day, Plaintiff filed a Motion for Leave to Move for Summary Judgment. (Doc. 208.) The Magistrate Judge denied both motions. (Doc. 213.) Plaintiff objected to the Magistrate Judge's Order and filed this appeal. (Doc. 216.)

## II. LEGAL STANDARD

When a party objects to the ruling of a magistrate judge in a non-dispositive matter, the district judge must consider the party's "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" if the Court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

## III. ANALYSIS

Plaintiff objects to the Magistrate Judge's Order on four grounds, categorized by him as "due process," "discovery," "motion for summary judgment," and "appointment of counsel" concerns.

### A. Due Process

Plaintiff first objects to the Magistrate Judge's Order on the grounds that the

Magistrate Judge "deprive[d him] of due . . . process" by her "customary practice of ignoring any facts or evidence pertaining to anything that may be considered 'favorable' towards Plaintiff's claims, arguments, or case." (Doc. 216 at 1–2.)

To show bias, a party must demonstrate that the "alleged bias and prejudice . . . stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case." *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). To be successful, an allegation of bias must be grounded in something more than adverse rulings in the case. *Id.* Defendants assert that Plaintiff "points only to actions that [the Magistrate Judge] has taken in this case." (Doc. 222 at 2.) In response, Plaintiff argues that the Magistrate Judge must be biased against him because she "is known to him and his family where she was the prosecutor of record when [he] was first sent to prison in 1996 and was responsible for sending a number of his family members to prison through the years as a prosecutor in the Coconino County Attorney's Office." (Doc. 225 at 2.) Plaintiff provides no evidence to support this assertion, and the Court could not find any in the record. Plaintiff further claimed that the Magistrate Judge "is acquainted with [his] mother . . . who[] worked out of the Access Offices in the Coconino County Courthouse from 1989 to 1996." (*Id.*) Again, the Court was not able to find record evidence to support this claim. But even if the Magistrate Judge and Plaintiff's mother did work in the same courthouse, such evidence alone is insufficient to demonstrate bias. *See Swank v. Ingle*, No. C-94-2981 MHP, No. 1997 WL 285130, at *4 (N.D. Cal. 1997) (holding that the trial judge's mere professional acquaintance with a family member of the victim was insufficient "to establish a reasonable inference of bias resulting in prejudice").

Plaintiff claims that the Magistrate Judge has "bias and prejudice [that] extend[s] to *all* prisoners." (*Id.* (emphasis in original.)) In support of this assertion, Plaintiff vaguely asserts research he has conducted "into her background and other cases," and her past career as a state and federal prosecutor. (*Id.*) Such vague claims are, again, insufficient to demonstrate bias. *See Davis v. Sacramento Cnty. Dist. Att'y's Off.*, 76 F.3d 385, 385 n.1

(9th Cir. 1996) (declining to address plaintiff's "vague and general allegations concerning the district judge's bias").

Plaintiff also claims that his due process rights were violated because he was not provided the opportunity to respond to Defendants' briefs. (Doc. 216 at 1–2.) The Magistrate Judge issued an order one day after Defendants' Response to Plaintiff's Motion for Leave to Move for Summary Judgment was filed. (Doc. 212.) Plaintiff incorrectly asserts that violated LRCiv. 7.2(d) because he was not afforded seven days to reply. (Doc. 216 at 1–2.) But the Magistrate Judge may control briefing, and here determined that a reply was not necessary. Plaintiff additionally contends that he never received Defendants' Response to Plaintiff's Motion Requesting Appointment of Counsel. (Doc. 209.) Defendants followed all procedural requirements, including providing a certificate of service, thus complying with Federal Rule of Civil Procedure 5(d). (*See* Doc. 209 at 4.) Defendants and the Court did all that was required of them to provide Plaintiff with a copy of the document. Thus, none of Plaintiff's due process objections demonstrate that the Magistrate Judge's decisions were clearly erroneous or contrary to law.

**B. Discovery**

Next, Plaintiff asserts that the Magistrate Judge erred in denying his request to reopen the discovery record. (Doc. 216 at 2–3.) The Magistrate Judge stated that Plaintiff "[did] not identify what additional discovery might reveal, or specify exactly what discovery he seeks." (Doc. 213 at 5.) Plaintiff objects to this summarization. (Doc. 216 at 2–3.) He claims that he "cited a number of pleadings in his motion at issue (Doc. 208 at 1) and particularly, [he] specifically emphasized Doc. 167." (*Id.*) Plaintiff noted that in his Objections to the Defendants' Rule 26(a)(1) Second Supplemental Disclosure Statement and Request for Prohibited Use of "Untimely" Disclosure Evidence Pursuant to Rules 26(a)(3)(B) and 37(c)(1), he argued that Defendants exhibited "bad faith in disclosing evidence that he had previously sought through discovery and which was never produced." (*Id.* at 3.)

Plaintiff's Motion is devoid of any statements identifying what additional discovery

would disclose. (*See* Doc. 207 at 5–6.) Further, Plaintiff's additional requests for discovery in the motion are exceptionally vague. He requests "production of documents and evidence" and the chance "to submit additional interrogatories" and "request depositions of specific 'non-defendant' witnesses." (*Id.* at 6.) Even liberally construed, these requests are too vague to constitute valid discovery requests and were made 16 months past the Court's June 28, 2020 deadline. (*See id.*, Doc. 130.) Moreover, Plaintiff had ample opportunity to complete discovery within the Court-appointed timeframe. (*See e.g.*, Docs. 97, 98, 101, 109.) The Magistrate Judge did not err. Accordingly, Plaintiff's objection is overruled.

The only specific request that Plaintiff made was to ask Defendants to "submit a disclosure statement of any new or additional witnesses and/or evidence they intended to submit in their second motion for summary judgment." (*Id.*) But as the Magistrate Judge noted, Defendants will not be permitted to include any new witnesses or evidence in their second motion for summary judgment. (Doc. 213 at 5.) Thus, that issue is moot. None of Plaintiff's discovery objections demonstrate that the Magistrate Judge's decisions were clearly erroneous or contrary to law.

**C. Motion for Summary Judgment**

Plaintiff next argues that he lacked "a fair and impartial discovery process and a full and fair opportunity to move for summary judgment." (Doc. 216 at 4.) This, according to Plaintiff, was due in part to the fact that he "did/does not know what a 'cross-motion' for summary judgment was/is," and that neither "[t]he [Federal Rules of Civil Procedure] nor the [Local Rules of Civil Procedure] contemplate rules or procedures for filing 'cross-motions for summary judgment' and the term is not mentioned in either rules or procedures." (*Id.*) Plaintiff further objected to the Magistrate Judge limiting his ability to file a new motion for summary judgment to his remaining claims, instead of "all of the claims in his [First Amended Complaint]." (*Id.* at 5.)

Plaintiff's assertion that he did not have an opportunity to move for summary judgment on all his claims is incorrect. Plaintiff initially had the opportunity to move for

summary judgment prior to the dispositive motion deadline. (Doc. 146.) No mechanism of the Court prevented him from doing so. He also had the opportunity to file a cross-motion for summary judgment in response to Defendants' first motion for summary judgment. (Doc. 163.) Plaintiff contends that it is unreasonable to hold his failure to file a cross-motion for summary judgment against him because it is "an unspoken-unwritten rule." (Doc. 216 at 4 (internal quotation marks omitted).) To the contrary, the Federal Rules of Civil Procedure clearly set forth the requirements for filing a motion for summary judgment; the addition of the word "cross" does not change how the motion is filed procedurally. *See* Fed. R. Civ. P. 56. Though the Court must construe pro se pleadings liberally, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, Plaintiff's failure to file a cross-motion is not the Magistrate Judge's error.

Plaintiff further asserts that, "[e]ven if [he] theoretically had a full and fair . . . opportunity to move for summary judgment . . . the Court's *sua sponte* determination that the Defendants are entitled to a '*second*' opportunity [to move for summary judgment] . . . [is] contrary to law." (*Id.* at 4 (emphasis in original).) Plaintiff's assertion is incorrect. "[T]he district court has discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 909 (9th Cir. 2010) (holding that the district court did not abuse its discretion when it permitted the defendants to file two motions for summary judgment prior to trial and a third motion for summary judgment following a mistrial). The court controls the timing of motions for summary judgment. *Id.* at 911. Moreover, "Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed . . . ." *Id.*

Plaintiff now contends that the Magistrate Judge should permit him to file a motion for summary judgment on all the claims in his First Amended Complaint, rather than on his remaining claims. The Magistrate Judge's Order at Doc. 213 allowed Plaintiff to move for summary judgment on his remaining claims. As discussed above, Plaintiff already had the opportunity to move for summary judgment on all his claims, and all but two have

finally been decided. (Doc. 26.) The Court will not permit the disposed-of claims to be relitigated.

Plaintiff provides several other reasons to support his argument that he lacked a fair opportunity to move for summary judgment. (*Id.* at 3–4.) At least one of the reasons is proven false by the record: Plaintiff claims that the Magistrate Judge "denied every request for extensions made by [him]." (*Id.* at 3.) But after Defendants filed their first Motion for Summary Judgment (Doc. 163), the Magistrate Judge granted three of Plaintiff's requests for extensions of time to file his responsive brief. (Docs. 172, 179 and 183). Indeed, all of Plaintiff's requests for extensions of time to respond to Defendants' summary judgment motion were granted. (*Id.*) Plaintiff's other reasons are general claims of poor prison conditions against the Yuma County Detention Center and its employees. (Doc. 216 at 3–4.) Those allegations—withholding mail and limiting access to legal work—are outside the scope of this litigation. (*Id.*) Accordingly, none of these objections show that the Magistrate Judge's Order was clearly erroneous or contrary to law.

**D. Appointment of Counsel**

Finally, Plaintiff objects to the Magistrate Judge's refusal to appoint counsel on the basis that "[t]he record does not reflect that [the Magistrate Judge] gave *any* consideration[] to any of the circumstances articulated in Plaintiff's motion . . . . Further, the record intrinsically reflects that [she] gave *no* consideration to the likelihood of success on the merits as to Plaintiff's claims." (*Id.* at 6 (emphasis in original).)

The Ninth Circuit "has long held that there is 'no constitutional right to counsel in a civil case.'" *Adir Int'l, LLC v. Starr Indem. and Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (quoting *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickltat Cnty., Washington*, 795 F.2d 796, 801 (9th Cir. 1986)). Pursuant to 28 U.S.C. § 1915(e)(1), though, the court may appoint counsel for a litigant proceeding *in forma pauperis*. *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004). "The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.'" *Id.* at 1103 (quoting *Franklin v. Murphy*, 745

F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances requires a consideration of the plaintiff's (1) likelihood of success on the merits and (2) ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive, and both must be viewed together. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff incorrectly argues that the Magistrate Judge did not consider the test's second prong—the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. In fact, the Magistrate Judge expressly concluded that Plaintiff "has not displayed an inability to articulate his claims in light of the complexity of the legal issues involved." (Doc. 213 at 6.) Plaintiff correctly observes that the Magistrate Judge omitted the first prong—the plaintiff's likelihood of success on the merits. (Doc. 216 at 6.) But this omission is not error. The Magistrate Judge was not required to analyze the first prong because she disposed of the issue on the second prong. The two-prong test is conjunctive; a failure to satisfy one prong necessarily establishes a failure to demonstrate extraordinary circumstances. *See Hopkins v. Bustos*, 785 Fed. Appx. 379, 381 (9th Cir. 2019).

Nonetheless, the Court will independently apply the two-prong test and conclude that Plaintiff's case does not present exceptional circumstances warranting the appointment of counsel. *See Siglar v. Hopkins*, 822 Fed. Appx. 610, 611–12 (9th Cir. 2020) (conducting its own two-prong analysis and affirming the district court's denial of plaintiff's request for the appointment of counsel). The Court will begin its analysis with the second prong, as it is independently dispositive.

The Magistrate Judge concluded Plaintiff had not demonstrated an inability to articulate his claims in light of the complexity of the legal issues involved. (Doc. 213 at 6.) Plaintiff's arguments for being unable to articulate his claims are almost exclusively founded upon the fact of his incarceration. (Doc. 207 at 3–5.) This is insufficient and says nothing of the complexity of the legal issues involved. *See e.g., Jefferson v. Heisner*, No. CV-21-00054-TUC-RM, 2021 WL 2323067, at *1 (D. Ariz. May 24, 2021); *Assyd v.*

*Mattos*, No. CV-17-00507, 2019 WL 8375946, at *1 (D. Ariz. Dec. 2, 2019); *Morgal v. Maricopa Cnty. Bd. Of Sup'rs*, No. CIV 07-0670-PHX-RCB, 2012 WL 3028336, at *3 (D. Ariz. July 24, 2012) ("[U]ndoubtedly plaintiff's confinement has hampered his ability to conduct further factual investigation, but that does not establish the complexity of the issues or otherwise show exceptional circumstances."). Further, Plaintiff was capable of defending against a motion for summary judgment without the assistance of counsel. As the Magistrate Judge indicated, this demonstrates Plaintiff's ability to articulate his claims. (Doc. 213 at 6.)

As for the first prong, Plaintiff has demonstrated a minimal likelihood of success on the merits. As mentioned, two of Plaintiff's claims have survived a motion for summary judgment. This fact evidences at least some likelihood of success. *Cobler v. U.S.*, No. CV-19099348-TUC-RM, 2022 WL 625704, at *1 (D. Ariz. Feb. 25, 2022); *Beitman v. Corizon Health Inc.*, No. CV-17-03829-PHX-JAT, 2020 WL 8571771, at *2 (D. Ariz. Nov. 10, 2020); *Hollis v. Sloan*, No. 2:08-cv-2674 GEB KJN P., 2012 WL 5304756, at *6 (E.D. Cal. 2012). Still, because Plaintiff failed to satisfy the second prong, the Court finds that there are no exceptional circumstances which justify appointing counsel for Plaintiff. The Magistrate Judge's decision to deny Plaintiff's motion for the appointment of counsel was not clearly erroneous or contrary to law.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Objection (Doc. 216) to the Magistrate Judge's December 17, 2022 Order (Doc. 213).

Dated this 11th day of April, 2022.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge